IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JARBINS HERNANDEZ, ERIAN PEREZ  §
SANTOS, AND HUBERT L. PEREZ

V.            §   CIVIL ACTION  NO: 1:10-CV-00868

WILLIAM LESLEY LEGRANT, NEW
CENTURY VAN LINES, INC. AND   §
STEVENS VAN LINES, INC.

## PLAINTIFFS' ORIGINAL COMPLAINT

JARBINS HERNANDEZ, ERIAN PEREZ SANTOS, AND HUBERT L. PEREZ, Plaintiffs, bring this action for damages against WILLIAM LESLEY LEGRANT, NEW CENTURY VAN LINES, INC., and STEVENS VAN LINES, INC., Defendants, and respectfully show as follows:

### Parties

1. Plaintiffs, Jarbins Hernandez, Erian Perez Santos, and Hubert L. Perez, at the times material to this action, were residents of the Harris County, Texas.

2. Defendant William Lesley Legrant is an individual who resides in Escambia County, Florida and may be served with a summons at his residence, 1484 New Castle Way, Pensacola, Florida 32534-9394.

3. Defendant New Century Van Lines, Inc. is believed to be a Michigan corporation that maintains its principal place of business in Saginaw, Michigan.  Pursuant to N.M. Stat. § 38-1-6.A, this Defendant may be served with a summons by serving Morrison M. Stevens, Jr.,

its agent, officer, or director, at the office or usual place of business of the foreign corporation,

527 W. Morley Drive, Saginaw, Michigan, 48601-9485.

4.	Defendant Stevens Van Lines, Inc. is a corporation incorporated under the laws

of Minnesota that maintains its principal place of business in Saginaw, Michigan.  Pursuant to

N.M. Stat. § 38-1-6.A, this Defendant may be served with a summons by serving Morrison M.

Stevens, Jr., its agent, officer, or director, by leaving a copy at the office or usual place of

business of the foreign corporation, 527 W. Morley Drive, Saginaw, Michigan, 48601-9485.

## Jurisdiction and Venue

5.	As stated above, there is complete diversity of citizenship between Plaintiffs and

Defendants.  The subject matter of the claim of one or more Plaintiffs in this action exceeds the

sum or value of $75,000, exclusive of interest and costs.  Accordingly, this court has original

jurisdiction over one or more Plaintiff's claims pursuant to 28 U.S.C. § 1332.  This court has

supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the remaining Plaintiff(s)

because they are so related to the claims asserted by the other Plaintiffs that they form part of

the same case or controversy.

6.	Venue is proper in the United States District Court, District of New Mexico

pursuant to 28 U.S.C. § 1391(a) because this is the District in which a substantial part of the

events or omissions giving rise to the claim occurred.

## Factual Allegations

7.	On or about December 9, 2008, at approximately 7:00 a.m., Plaintiff Jarbins

Hernandez was driving a tractor-trailer, owned by Plaintiff Hubert L. Perez, in the north-bound lane of US Hwy 64 in Union County, New Mexico.   Plaintiff Erian Perez Santos was a passenger in the tractor.   Heavy snow was falling, which resulted in poor visibility and icy roads.   As Hernandez and Perez Santos proceeded north on US Hwy 64, they suddenly and unexpectedly came upon a tractor-trailer that was stopped in the middle of the highway. The tractor-trailer had been driven by Defendant Legrant and was owned and operated by Defendants New Century Van Lines, Inc. and Stevens Van Lines.   Despite the poor visibility and icy conditions, Legrant failed to provide any warning to oncoming traffic that his vehicle was parked in the middle of the highway.   Consequently, Hernandez did not see Defendants' truck until it was too late to stop.   Hernandez attempted to avoid a collision by steering away from Defendants' truck but nevertheless collided with the rear of Defendants' trailer, causing severe injuries to Hernandez and Perez Santos and severe damage to Perez's tractor-trailer.

### First Cause of Action: Negligence

8.      The actions of Defendant Legrant described above constitute negligence in that Legrant failed to exercise ordinary care in one or more of the following ways: failing to properly inspect and maintain his vehicle to prevent stalling in the middle of the highway; allowing his vehicle to stall in the middle of the highway; failing to move his vehicle from the middle of a highway; and, failing to properly warn oncoming motorists that his truck was parked in the middle of US Hwy 64.

9.      At the times material to this action, Legrant was acting within the course and

scope of his employment with New Century Van Lines, Inc. and Stevens Van Lines, Inc. Accordingly, New Century Van Lines, Inc. and Stevens Van Lines, Inc. are vicariously liable to Plaintiffs under the theory of respondeat superior. In addition, Defendants Stevens Van Lines, Inc. and New Century Van Lines, Inc. are negligent by failing to exercise ordinary case in one or more of the following ways: failing to properly maintain the truck at issue so as to prevent the brakes from freezing; failing to properly train Legrant to inspect his truck and prevent the breaks from icing; failing to properly train Legrant to avoid having his truck stall in the middle of a highway; failing to properly train Legrant to move his truck off of the highway once he discovered the mechanical malfunction; and, failing to properly train Legrant to warn oncoming motorists of a stalled truck in the middle of the highway.

10.     As a result of this Negligence of Defendants, Plaintiffs have incurred the damages set forth below.

## Second Cause of Action: Negligence Per Se

11.     Plaintiffs incorporate paragraphs 7 through 10 above.

12.     These actions of Defendant Legrant constitute negligence per se in that he failed to place warning devices behind the disabled vehicle as required by 49 C.F.R. § 392.22 and N.M. Admin. Code § 18.3.4.11.C. At the times material to this action, Lagrant was acting within the course and scope of his employment with New Century Van Lines, Inc. and Stevens Van Lines, Inc. Accordingly, New Century Van Lines, Inc. and Stevens Van Lines, Inc. are vicariously liable to Plaintiffs under the theory of respondeat superior. As a result of this

negligence per se of Defendants, Plaintiffs have incurred the damages set forth below.

## Damages

13.     As a result of the negligence and negligence per se of Defendants described above, Plaintiffs Jarbins Hernandez and Erian Perez Santos have incurred, and will incur it the future, damages from their injuries, including one or more of the following: medical expenses in the past and future; pain and suffering and mental anguish in the past and future; temporary and permanent impairment in the past and future; and, lost wages or loss of wage-earning capacity in the past and future.  Plaintiff Hubert L. Perez has incurred the following damages: cost to repair the vehicle; the difference in the value of the vehicle immediately before and immediately after the incident in question; loss of value after repairs are performed; loss of use of the vehicle; and, lost profits.  Plaintiffs sue for these damages in an amount to be determined by the trier of fact.

## Jury Demand

14.     Plaintiffs demand trial by jury for all issues so triable by right.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that Defendants be summoned and appear herein, for an early trial by jury and, upon trial, judgment for the following:

        a.     actual damages in an amount to be determined by the trier of fact;

        b.     costs of court;

        c.     pre-judgment and post-judgment interest at the highest rate allowed by

law; and,

d.      for such other relief, at law or at equity to which Plaintiffs may show themselves entitled.


Respectfully submitted,

BAYNE, SNELL & KRAUSE
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937


BY:  /S/*David C. "Clay" Snell*
        David C. "Clay" Snell
        Federal Bar ID: #10-113
        ATTORNEY FOR PLAINTIFFS