IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JARBINS HERNANDEZ, ERIAN PEREZ
SANTOS, and HUBERT L. PEREZ,

    Plaintiffs,

vs.                                                                            Civil No. 10-868 RHS/WDS

WILLIAM LESLEY LEGRANT,
NEW CENTURY VAN LINES, INC.,
and STEVENS VAN LINES, INC.,

    Defendant.

## ORDER GRANTING DEFENDANT WILLIAM LEGRANT'S MOTION TO AMEND ANSWER TO INCLUDE COUNTER-CLAIM AGAINST PLAINTIFFS

THIS MATTER comes before the Court on Defendant William Legrant's Motion to Amend Answer to Include Counter-Claim Against Plaintiffs (Doc. 33).  The Court has now considered the motion, together with Plaintiffs' Response (Doc. 36) and Defendant Legrant's Reply (Doc. 38), as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the motion is well-taken and should be granted.  The Court did not consider Plaintiffs' Surreply (Doc. 40) as permission to file the same was not granted by the Court.  See D.N.M.LR Civ. 7.4(c).

### BACKGROUND

The instant litigation stems from the collision of two tractor-trailers on U.S. Highway 64 in Union County, New Mexico on December 9, 2008.  Plaintiff Hernandez was the driver of a tractor-trailer that allegedly collided with the back of a tractor-trailer driven by Defendant Legrant.  Plaintiff Hernandez has filed his Complaint (Doc. 1) herein for personal injuries and other damages against Defendant Legrant alleging that Legrant was liable for the collision.

Defendant Legrant now seeks permission to file timely counter-claims against Plaintiffs Hernandez, Perez and Rockin P Express Enterprizes pursuant to Fed. R. Civ. Pro. 13(a)(1) and 15(a)(2).  Defendant Legrant believes that the filing of his claim against Plaintiffs for injuries and damages incurred as a result of the accident will be time barred as December 9, 2011.

## STANDARD FOR AMENDMENT OF ANSWER

Fed. R. Civ. P. 15(a)(2) addresses amending pleadings prior to trial, and states, "The court should freely give leave when justice so requires."  The Tenth Circuit Court of Appeals has held, "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 459 (10th Cir. 1982) (citing Wright & Miller, Federal Practice & Procedure, § 1471, at 359 (1971)).

## AMENDMENT ONLY BRINGS DEFENDANT LEGRANT'S CLAIMS ARISING FROM THE SAME OCCURRENCE AND THERE IS NOT ANY PREJUDICE OR UNDUE DELAY

Defendant Legrant has stated several persuasive reasons why justice requires that leave to amend be granted.  First, litigating all claims and defenses arising from the same occurrence in the same lawsuit conserves judicial resources and promotes judicial efficiency.  Because Defendant Legrant has until December 9, 2011 to file suit, he could attempt to litigate these same facts in another forum if he were not granted leave to amend in this case.

Second, there is not any prejudice to Plaintiffs to Defendant Legrant amending at this time.  Plaintiffs have been or should have been on notice of the possibility of Defendant Legrant amending his answer to assert a counter-claim because he alluded to Plaintiff's culpability in his answer (Doc. 11, ¶ 7).  At the time that Defendant Legrant moved this Court for permission to

amend, the parties were in agreement that only written discovery had been exchanged and that more time was necessary to depose witnesses. (Doc. 34, ¶ 3). The parties represented to the Court that they would propose new deadlines (Doc. 34, ¶ 6), which suggests that Plaintiffs would not be prejudiced by Defendant Legrant proceeding with his counter-claim because Plaintiffs still have ample opportunity to depose witnesses regarding key facts and Plaintiffs were intending for discovery to continue past its original deadline. Defendant Legrant also notes that his counter-claim would not add any new parties, so Plaintiffs cannot point to any prejudice in litigating against new parties.

Third, Defendant Legrant's time frame for amending is not undue delay. Since the accident that gives rise to the lawsuit, Defendant Legrant has lived out of state (Florida) and has been receiving medical treatment for the injuries related to the accident. (Doc. 38 at 4-5). Defendant Legrant has had counsel to defend him against Plaintiff's claims, but retaining New Mexico counsel to represent Legrant to pursue counter-claims reasonably required additional time. Additional time does not constitute undue delay given Defendant Legrant's circumstances and the timing of this case.

IT IS THEREFORE ORDERED that Defendant Legrant be and he hereby is allowed to immediately amend his Answer (Doc. 11) to include his Counter-Claim against Plaintiffs for Defendant Legrant's alleged injuries and damages arising from the accident which is the subject of this litigation.

IT IS FURTHER ORDERED that after said Counter-Claim has been filed and responded to by Plaintiffs, the referred judge shall conduct a Scheduling Conference to address the need to modify any existing case management deadlines.

*Robert Hayes Scott*
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE